IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latasha Boyd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:23-cv-2182-BHH |
| v. ) | |
| ) | **ORDER** |
| Spartanburg County, Spartanburg ) | |
| County Sheriff's Department, Sheriff ) | |
| Chuck Wright, Department of Social ) | |
| Services, Josie Jones, Spartanburg ) | |
| County Social Security Administration, ) | |
| Spartanburg County District Six, ) | |
| United States, ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Latasha Boyd's ("Plaintiff") pro se complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

After reviewing Plaintiff's complaint, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to state a claim upon which relief may be granted. The Magistrate Judge further recommends that the Court decline to give Plaintiff the opportunity to amend her complaint because this is at least the fifth action filed by Plaintiff raising nearly identical, frivolous claims, and amendment would be futile. Specifically, in her Report, the Magistrate Judge determined that Plaintiff has failed to allege substantive facts against any of the named Defendants to state a plausible claim for relief; that the Spartanburg County Sheriff's

Department, the Department of Social Services, the Spartanburg County Social Security Administration, and Spartanburg County District Six are not "persons" amenable to suit pursuant to 42 U.S.C. § 1983; that Plaintiff's claims against Spartanburg County fail because Plaintiff does not identify a governmental policy or custom to demonstrate municipal liability; that Plaintiff's allegations are barely comprehensible and manifestly delusional; and that this action is duplicative to a number of other actions filed by Plaintiff.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on June 5, 2023, and July 10, 2023. (ECF Nos. 12 and 14.) Plaintiff also filed a motion to amend her complaint on July 10, 2023. (ECF No. 15.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed Plaintiff's objections and finds them wholly without

merit. First, Plaintiff's objections do not point to any specific legal or factual errors in the Magistrate Judge's analysis. Second, Plaintiff's objections, much like the allegations of her complaint, are largely incoherent and are patently frivolous. Most importantly perhaps, they fail to remedy any of the deficiencies outlined by the Magistrate Judge.

Additionally, the Court has reviewed Plaintiff's proposed amended complaint, but the Court finds the proposed amendment unavailing. Stated plainly, Plaintiff rehashes her nearly incomprehensible allegations and still fails to articulate a plausible claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

After de novo review, therefore, the Court overrules Plaintiff's objections and finds no basis to grant Plaintiff's motion to amend. As the Magistrate Judge properly determined, this action is duplicative, frivolous, and subject to dismissal for failure to state a claim, among other reasons. Moreover, Plaintiff's proposed amendment does not cure these deficiencies.

Accordingly, it is hereby ordered that the Magistrate Judge's Report (ECF No. 10) is adopted and specifically incorporated herein; Plaintiff's objections (ECF Nos. 12 and 14) are overruled; Plaintiff's motion to amend (ECF No. 15) is denied; and this matter is dismissed without issuance and service of process as frivolous under § 1915(e)(2)(B)(I) and for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 20, 2023
Charleston, South Carolina